UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>PRINCE AWULYE,<br><br>                    Defendant. | No. 13-cr-875 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is Defendant Prince Awulye's pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 112 ("Def. Mot.").) Following a jury trial, Awulye was convicted of two counts of conspiring to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). *See Awulye v. United States*, No. 17-cv-4365 (RJS), 2020 WL 774093, at *2 (Feb. 18, 2020). The Court ultimately sentenced Awulye to 120 months' imprisonment, to be followed by a term of supervised release of three years. (Doc. No. 96.) Awulye's projected release date is February 1, 2023. The government opposes Awulye's motion for a sentence reduction, arguing, among other things, that Awulye has failed to exhaust his administrative remedies. (Doc. No. 113 ("Gov't Ltr.").) Because the Court agrees with the government that Awulye has not yet exhausted his administrative remedies, his motion is DENIED without prejudice.

"[O]ther than the limited exceptions provided by statutes, the Sentencing Commission, and the Federal Rules of Criminal Procedure, courts are not free to modify sentences at will." *United States v. Martin*, 974 F.3d 124, 135 (2d Cir. 2020). "Section 3582(c)(1)(A) provides one such exception, often referred to as 'compassionate release.'" *United States v. Felix*, No. 12-cr-322

(RJS), 2020 WL 4505622, at *1 (S.D.N.Y. Aug. 4, 2020). "Through that provision, the Court may 'reduce' a defendant's sentence where 'extraordinary and compelling reasons warrant such a reduction,' and such relief would be consistent with both the factors in 18 U.S.C § 3553(a) and 'applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting 18 U.S.C § 3582(c)(1)(A)). But a court cannot modify a sentence under section 3582(c)(1)(A) unless the defendant has first "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or waited 30 days after transmitting a request to the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). While this exhaustion requirement is "[n]ot a jurisdictional limitation," it is a "claim-processing rule" that the Court must apply if the government has not waived or forfeited an exhaustion defense. *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021). A defendant seeking compassionate release bears the burden of demonstrating that he has exhausted his administrative remedies and is entitled to a sentence reduction. *United States v. Reiter*, No. 87-cr-132 (VSB), 2020 WL 4252681, at *2–*3 (S.D.N.Y. July 23, 2020); *United States v. Ebbers*, 432 F.Supp.3d 421, 426 (S.D.N.Y. 2020), *abrogated on other grounds by United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

The government has not waived its exhaustion defense and represents that it has no record of Awulye submitting a request for compassionate release to the warden of his facility. (Gov't Ltr. at 4.) In addition, Awulye has not submitted any proof that he has exhausted his administrative remedies. (*See* Def. Mot.) Accordingly, the Court finds that Awulye has not met his burden to demonstrate exhaustion. *See Reiter*, 2020 WL 4252681, at *3.

3

Because Awulye has failed to exhaust his administrative remedies, his motion for compassionate release is DENIED without prejudice to renewal at a later date. The Clerk of Court is respectfully directed to terminate the motion pending at Document No. 112 and mail a copy of this order to Awulye.

SO ORDERED.

Dated:      March 28, 2022
                New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation